## No. 335.—W. M. GRIFFIN v. J. A. HAYNES.

A clerk or bookeeper employed in a store by the year who has been discharged before the term of his employment has expired, for good and sufficient cause, can only recover wages up to the time of his discharge.

APPEAL from the Eighteenth Judicial District Court, parish of Bossier. *Watkins,* J. *Griffin & Snider,* for plaintiff and appellee. *J. D. Watkins,* for defendant and appellant.

This case was tried by a jury in the court below.

HOWELL, J. Plaintiff claims $675, with legal interest from fifteenth February, 1870, amount of a note, $120, with legal interest from first January, 1871, for three months wages, at $40 per month, as clerk up to said date, and $600, with same interest from judicial demand for one year's salary at $50 per month as clerk from the first January, 1871, defendant having, it is alleged, discharged him on first March, 1871, without sufficient cause or any serious grounds of complaint. Defendant admits the claim for $675 and that for services as clerk at $40 per month for three months ending thirty-first December, 1870, except for one-half month lost time, which claims he says are subject to compensation or set-off; denies owing any thing for 1871; avers an agreement for said year with plaintiff as clerk and bookeeper by the month only,

and his discharge about first March, 1871, for sufficient cause, which he then first learned, to wit, unfaithfulness and incompetency, and claims in compensation and reconvention balances due on two notes of plaintiff, amount of an account against plaintiff and $500 damages.

The case was tried before a jury, and on their verdict a judgment was rendered in favor of plaintiff for $1395, and in favor of defendant for $718 09½, leaving a balance in favor of plaintiff of $676 90½, from which defendant has appealed. '

The principal controversy is in regard to the claim for wages for the whole of the year 1871. The evidence satisfies us that the engagement was for the year, and the question is as to the sufficiency of the cause for the discharge. Had defendant any serious ground of complaint against plaintiff when he sent him away? R. C. C. 2749.

It seems that defendant was satisfied with plaintiff as bookeeper and clerk until about the end of February, 1871, when by accident he learned that an article of merchandise had been sold by plaintiff on a credit, but no entry made of it in the books. This led to an examination of the books, and defendant discovered a want of correspondence in some of the entries in the different books, many erasures in the day book and blotter, and a discrepancy in the cash on hand and the amount entered in the cash book. Plaintiff was thereupon called on to explain the cash discrepancy, and he asked until the next day to examine the books and make the corrections. This was refused, and defendant took possession of the books, and the discharge of the plaintiff followed.

In our opinion these circumstances authorized the discharge, unless plaintiff satisfactorily explained them to defendant, which he failed to do. His reason for not having charged the item which led to an examination on the part of defendant was not a good one, and this, in connection with the condition of the books, was well calculated to impair defendant's confidence in him as a competent and reliable book-keeper and clerk. The condition of the books and accounts shows that plaintiff is incompetent or careless, and either is a serious ground of complaint on the part of a merchant. It is important that the confidence of a merchant in his employe should be maintained.

The discharge therefore was warranted by the facts and law.

The evidence shows that plaintiff is entitled on his demands to the sum of $895 at the date of his discharge, and that defendant has valid claims against him amounting to $552 25, leaving a balance in favor of the former of $342 75.

It is therefore ordered that the judgment appealed from and the verdict of the jury be set aside, and that there be judgment on the principal and reconventional demands in favor of plaintiff for $342 75, with legal interest from first February, 1871, and costs in the lower court; costs of appeal to be paid by the plaintiff.